UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| MICHAEL PRESTON MIDDLETON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. |
| | ) | 6:20-cv-66-JMH |
| V. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Michael Middleton has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' computation of his sentence. Specifically, he contends that because his current federal sentence was ordered to run concurrently with a prior federal sentence, he is entitled to additional credit for time spent in custody for that earlier sentence. [DE 1]. The government has responded, [DE 11], and the time for Middleton to file a reply has passed. *See* [DE 10, at 2]. Because the record establishes that the BOP has properly calculated Middleton's sentence, the Court will deny his petition. The Court expresses its concerns, however, with correspondence sent by the BOP's Designation and Sentence Computation Center ("DSCC") in this matter.

On March 1, 2016, Middleton was arrested by federal agents in Victoria, Texas, and was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

[DE 11-1 at 2]. Following his guilty plea, on August 1, 2016, Middleton was sentenced to 30 months imprisonment. *United States v. Middleton*, No. 6: 16-CR-16-1 (S.D. Tex. 2016) [DE 5, DE 7, DE 14 therein]. The DSCC commenced this sentence on August 1, 2016, the day that it was imposed. [DE 11-4, at 3]. The DSCC also credited towards this sentence time Middleton spent in custody beginning on the day he was arrested on March 1, 2016, and ending the day before he was sentenced, July 31, 2016. *Id*.

Middleton completed that sentence on May 4, 2018, but remained in federal custody. [DE 11-4, at 3]. That is because before Middleton had finished serving his first sentence, in January 2017 he was indicted for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Following his guilty plea to that offense, on July 2, 2018, Middleton was sentenced to 135 months imprisonment. The trial court ordered that "[t]he sentence imposed is to be served concurrently with the undischarged term in Dkt. No. 6:16CR00016-001." *United States v. Middleton*, No. 6: 16-CR-56-9 (S.D. Tex. 2016) [DE 137, DE 281, DE 308 therein]. But by the time that second sentence was imposed, Middleton had already completed service of the first one.

The DSCC commenced Middleton's second sentence on July 2, 2018, the day that it was imposed. [DE 11-2, at 3]. It also credited towards this sentence time Middleton spent in custody

2

beginning on the day after his first sentence concluded, May 5, 2018, and ending the day before his second sentence was imposed, July 1, 2018. *Id.*

In February 2019, Middleton filed an inmate grievance requesting, in light of the sentencing court's order of concurrency, prior custody credits beginning on his March 1, 2016, arrest date. The BOP denied Middleton's grievance and his appeals, noting that his first sentence had already expired at the time the second sentence was imposed. The BOP further noted that the time period for which Middleton sought credit had already been counted against his first federal sentence, and that his second sentence could not commence before it was imposed. [DE 1-1].

In his § 2241 petition, Middleton asserts that "[t]he BOP is refusing to accept the sentencing judge's recommendation that I be given credit for time served" and argues that "[t]he start date of my sentence should be March 1, 2016, and I should be given credit for time spent in jail from that date." [DE 1, at 5].

The BOP properly rejected Middleton's demand for additional prior custody credits. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily

3

>    to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>    (1) as a result of the offense for which the sentence was imposed; or
>
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28.

When Middleton's second sentence was imposed on July 2, 2018, he had already completed service of his first sentence, and was therefore being held as a federal pretrial detainee. Therefore under Section 3585(a), Middleton's second sentence commenced on the day it was imposed. *Cf. Doan v. Lamanna*, 27 F. App'x 297, 299 (6th Cir. 2001); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Because Middleton seeks credit for the time he spent in custody before that date – from the day he was arrested on March 1, 2016 forward – its availability is governed by Section 3585(b).

4

However, for most of that time Middleton was already in federal prison serving his first federal sentence, and those days had already credited against it. Because Section 3585(b) only permits credits for time spent in custody "that has not been credited against another sentence," each day in custody may only be counted once. The statute does not allow for the "double counting" Middleton seeks here. *United States v. Wilson*, 503 U.S. 329, 335, 337 (1992) (holding that "a defendant cannot receive a double credit for his detention time" under § 3585(b)) (cleaned up); *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence."). The BOP did credit time Middleton spent in custody after his first sentence was completed against his second sentence. [DE 11-2, at 3 (awarding credit from May 5, 2018, to July 1, 2018)].

The fact that the trial court ordered its sentence to run concurrently with his pre-existing federal sentence does not change this result. The BOP correctly noted that Middleton's second sentence could not begin until it was imposed. *Cf. United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) ("Backdating a federal sentence [to commence prior to its imposition] conflicts with 18 U.S.C. § 3585(a), which states that a federal prison term may commence only when the defendant is received into custody."). And the trial court's Judgment itself

5

made this clear when it stated that "[t]he sentence imposed is to be served concurrently with the ***undischarged*** term in Dkt. No. 6:16CR00016-001." *Middleton*, No. 6: 16-CR-56-9 at DE 308 (emphasis added). Because Middleton had fully completed his sentence from his first conviction, there was simply no "undischarged" portion with which to run his second sentence concurrently. The DSCC had therefore already granted Middleton the full measure of any prior custody credits to which he was entitled.

Straightforward application of the pertinent legal rules should therefore have ended the matter. But, for reasons that are not explained in the record, in May 2020 the DSCC sent a letter to the sentencing court regarding Middleton's sentence. [DE 11-6]. Several aspects of the letter are disconcerting. The DSCC first stated that it was "unable to comply with your order for a concurrent sentence" because the first sentence concluded before the second one began. [DE 11-6, at 1]. This is incorrect: the BOP complied with the trial court's order, but there was simply no period of concurrency with regard to the two sentences, and therefore no additional credits to award Middleton.

More importantly, the DSCC stated in its letter:

> However, the U.S . Sentencing Guideline§ 5K2.23 may apply in Mr. Middleton's case. This guideline permits the sentencing judge to adjust the federal sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense, if the Court determines that period of imprisonment will not be

6

>credited to the federal sentence by the Bureau of Prisons. If a 5K2.23 adjustment is applicable for time spent in custody between March 1, 2016, through May 4, 2018 (795-days or two-years, two-months and 3-days), which would adjust the term of imprisonment to 108-months and 27-days, the Court may respond to this letter stating its intent or issue an amended judgment and note the sentence is not a departure from the guideline range because the defendant has been credited, for guideline purposes under 5K2.23.

[DE 11-6, at 1-2]. This paragraph demonstrates that the DSCC misunderstands both the underlying law and bedrock principles regarding how federal courts function.

On the latter point, it was not appropriate for the DSCC to suggest to the sentencing court that the agency could and would alter its calculation of an inmate's sentence based solely upon the court's informal response to its letter. The old saw that "a court acts only through its orders" conveys that a court does not act informally or by casual means of expression, but instead through orders entered in the record. The purpose of such formality is to ensure legality, transparency, and accountability. And it is only these formal judicial acts that the BOP is authorized, by delegation from the Attorney General, to implement. *See generally United States v. Wilson*, 503 U.S. 329, 331-36 (1992). It is likely for that reason that in August 2020, Middleton's counsel filed a formal motion seeking a downward departure pursuant to U.S.S.G. § 5K2.23. *Middleton*, No. 6: 16-CR-56-9 at DE 376. That motion remains pending nearly two years after its filing.

7

On the former point, the DSCC was clearly wrong when it stated that the sentencing court could reduce Middleton's sentence by issuing an amended judgment. As this Court (and many others) have repeatedly made clear, a reduction in sentence pursuant to U.S.S.G. § 5G1.3 or § 5K2.23 must be effected by shortening the defendant's sentence **at the time of sentencing**. *See In re: United States Bureau of Prisons, Dep't of Just.*, 918 F.3d 431, 439 (5th Cir. 2019) (noting, during review of district court's imposition of civil contempt sanctions against DSCC officers, that sentencing adjustments made pursuant to U.S.S.G. § 5G1.3(b) or § 5K2.23 are made by the trial court at the time of sentencing by revising and recalculating the defendant's final sentence); *United States v. Brooks*, No. 3:92-CR-157-J-39JBT, 2019 WL 2085138, at *1 (M.D. Fla. May 13, 2019) ("To the extent Brooks argues that the Court should run the federal sentence concurrently with the state sentence under U.S.S.G. § 5G1.3(b), the United States argues that the Court lacks authority to alter the judgment more than 20 years after the imposition of sentence. Response at 5-6. The United States is correct on both points."); *United States v. Sarber*, No. 6:05-CR-10137-JTM-1, 2016 WL 492749, at *2 (D. Kan. Feb. 8, 2016) (same); *see also United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (district court lacked authority to reduce sentence under 5G1.3 more than 7 days after sentence was imposed). As one court aptly explained:

8

> To the extent Mr. Vizcarra-Hernandez is suggesting that I reduce his sentence based on § 5G1.3(b)(1), the Sentencing Guidelines section to which he refers permits a federal court to adjust a sentencing term at the time of sentencing. Section 5G1.3(b)(1) discusses the calculation of time-served credits, but does not authorize the district courts to calculate the sentencing credits post-judgment. Congress intended that the sentencing court compute a fair sentence under the Sentencing Guidelines at the time of sentencing, but that the BOP make all post-judgment sentencing credit calculations pursuant to 18 U.S.C. §§ 3586 and 3624. The time to present an argument for a departure in a sentence calculation under the Guidelines has elapsed. See Fed.R.Crim.P. 35(a).

*Vizcarra-Hernandez v. Wilner*, No. CIV.A. 08-CV00400-BN, 2008 WL 5054569, at *3 (D. Colo. Nov. 21, 2008) (cleaned up). And the United States Attorney for this District has expressed an understanding of this basic principle. *Cf. United States v. Key*, No. 2: 05-CR-37-DLB-REW (E.D. Ky. 2005) [DE 135 therein at 2 n.1 ("Both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(b) are inapplicable because they address the imposition of concurrent and consecutive sentences at the time of sentencing.")]

Once a criminal judgment is originally entered, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Middleton's unappealed criminal judgment became final 14 days after entry. Fed. R. App. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). A direct appeal to change it is therefore foreclosed. And the one-year period for Middleton to seek relief

9

from his sentence pursuant to 28 U.S.C. § 2255 has long since passed.

If Middleton had believed that his sentence should have been reduced pursuant to U.S.S.G. § 5G1.3 or § 5K2.23 (as the DSCC now apparently believes), Rules 35 and 36 of the Federal Rules of Criminal Procedure represent the remaining mechanisms to correct a criminal judgment. For its part, Rule 35(a) states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). But this 14-day period passed years ago. In any event, it is clear that Rule 35 does not apply. The Advisory Committee's Note to the 1991 Amendments make plain that Rule 35(a) is "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court to simply change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines."

Rule 35(a) therefore cannot be invoked to substantively alter Middleton's sentence. *Cf. United States v. Neal*, No. 2:94CR300-1, 2010 WL 11614255, at *1 (M.D.N.C. Aug. 16, 2010) (noting that in light of Rule 35(a), the "Defendant has presented no authority that would allow the Court to 'amend' or 'clarify' the Judgment in

this case" to reduce his sentence pursuant to U.S.S.G. § 5G1.3(b) more than 7 [now 14] days after it was entered). Middleton properly invoked § 2241 as his only remaining remedy. *United States v. Davis*, No. 2:07-CR-00236-KJM-2, 2020 WL 3642566, at *3 (E.D. Cal. July 6, 2020). The BOP properly implemented the judgment that was actually entered in Middleton's case.

Unlike Rule 35(a), Rule 36 does not contain any temporal limitation for it to be invoked. But the authority it confers is strictly limited to the correction of clerical errors. Fed. R. Cr. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."). Courts have consistently rejected attempts to invoke Rule 36 as a *post hoc* justification to shorten a sentence under U.S.S.G. § 5G1.3 or § 5K2.23. *See United States v. Trotter*, No. 12-20841, 2016 WL 4046908, at *3 (E.D. Mich. July 28, 2016) ("Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself. Adjusting the sentence under U.S.S.G. 5G1.3(b)(1) would amount to a substantive change in Trotter's sentence, well beyond that allowed by Rule 36.") (cleaned up) (*citing United States v. Carr*, 421 F.3d 425, 432-33 (6th Cir. 2005)); *Flores v. Kizziah*, No. 7:17-CV-126-KKC (E.D. Ky. 2017) [DE 4 therein at 2-3 ("... the

remedy requested and granted - the substantive amendment of a 5-year old judgment - was far beyond the limited remedy afforded by Rule 36.") (*citing United States v. Tubby*, 546 F. App'x 869, 872-73 (11th Cir. 2013) and *United States v. Werber*, 51 F. 3d 342, 346-48 (2d Cir. 1996) (holding that Rule 36 may not be used to alter final judgments to conform to intended but unexpressed consequences regarding prior custody credits))].

A prior admonition from another Judge of this Court to the BOP bears repeating: only the sentencing court may properly invoke provisions of the Sentencing Guidelines to reduce a defendant's sentence to account for prior custody, and this must be done only at the time of sentencing. The DSCC has no authority whatsoever to do so, at any time:

> ... just as a sentencing judge lacks the authority to determine when a sentence commences under § 3585(a) or how many days of prior custody credits a defendant may be entitled to under § 3585(b), so too the BOP lacks the authority to invoke U.S.S.G. § 5G1.3(b) to "adjust" or "reduce" a sentence in a manner that clearly conflicts with the sentence imposed on the face of the written judgment. The Sentencing Guidelines afford the trial judge, and only the trial judge, authority to grant a downward departure at the time of sentencing to account for time the defendant spent in custody on other charges.

*Flores v. Kizziah*, No. 7: 17-CV-126-KKC, 2018 WL 3732664, at *2 (E.D. Ky. Aug. 6, 2018) (*citing Ruggiano v. Reish*, 307 F. 3d 121 (3d Cir. 2002)). In this case the BOP did not, as it did in *Flores*, improperly appropriate for itself an authority conferred by the Guidelines solely upon sentencing courts. However, the

12

DSCC did invite the sentencing court in Texas to substantively alter its judgment notwithstanding a clear absence of legal authority for it to do so. See *Prescod v. Krueger*, No. 1:13-CV-01123, 2014 WL 11514464, at *4 (M.D. Pa. May 1, 2014) ("There is no evidence that the Sentencing Commission intended § 5K2.23 to be retroactively applied post-sentencing."), *report and recommendation adopted,* No. 1:13-CV-1123, 2014 WL 11513161 (M.D. Pa. July 3, 2014), *aff'd sub nom. Prescod, Jr. v. Schuylkill*, 630 F. App'x 144 (3d Cir. 2015). The BOP and DSCC are charged with the proper execution of criminal judgments; for them to do so competently and faithfully, they must be thoroughly familiar with the legal framework which both establishes and circumscribes their authority.

Accordingly, it is **ORDERED** as follows:

1. Michael Middleton's petition for a writ of habeas corpus [DE 1] is **DENIED**; and

2. This action is **STRICKEN** from the Court's docket.

This 2nd day of May, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

13